MACDONALD HOAGUE & BAYLESS
Jack Sheridan, WSBA #21473 (*Pro Hac Vice Pending*)
David J. Whedbee, WSBA #35977 (*Pro Hac Vice Pending*)
705 2nd Ave, Ste. 1500
Seattle, Washington 98104
Telephone:     206-622-1604
Facsimile:     206.343.3961
Email: jacks@mhb.com; davidw@mhb.com

THE HUNTLEY LAW FIRM, PLLC
Robert C. Huntley, ISB #894
815 W. Washington St.
P.O. Box 2188
Boise, Idaho 83701
Telephone:     208-388-1230
Facsimile:     208-388-0234
Email: rhuntley@huntleylaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN SIMMONS, and RALPH STANTON, <br><br> Plaintiffs-Requesters, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, <br><br> Defendant. | No. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT |

Come now Plaintiffs Brian Simmons and Ralph Stanton and allege as follows:

### I.   NATURE OF THE ACTION

On November 8, 2011, workers at the Idaho National Laboratory (INL), Materials and Fuels Complex (MFC) Zero Power Physics Reactor (ZPPR) Facility, were packaging plutonium (Pu) reactor fuel plates. Two of the fuel storage containers had unusual labels indicating potential abnormalities with the fuel plates located inside.  When INL workers opened one of the storage

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

('xxxxx.x gh121402)

containers, they discovered a plutonium fuel plate wrapped in plastic and tape. When the workers attempted to remove the wrapping material, an uncontrolled release of radioactive contaminants occurred, resulting in the contamination of 16 workers and the facility, including Plaintiffs Brian Simmons and Ralph Stanton. The sequence of events leading up to the release of contaminants, the uncontrolled release itself, and the emergency response at the ZPPR facility were all recorded on video.

At the time of the plutonium release, the INL nuclear operators were employed by Battelle Energy Alliance, LLC ("Battelle"), a private entity under contract with the U.S. Department of Energy ("DOE") which, as of 2005, had taken over operations of the MFC and other facilities at the INL. On January 4, 2012, the DOE's Office of Nuclear Energy issued an "Accident Investigation Report" about the plutonium release ("Report"). It concluded that the release was "preventable" and determined that both the DOE Idaho Office and Battelle bore responsibility for various root causes for the contamination of the ZPPR nuclear operators.

In May 2013, Plaintiffs requested various documents under the Freedom of Information Act ("FOIA") concerning the incident and their exposure to radioactive contamination. Though some material was produced, on May 9, 2013, the DOE Idaho Office withheld, on purported "privacy" grounds, all video regarding the plutonium contamination incident, including footage that presumably captured the contaminant release itself and the emergency response. This is video the DOE's Office of Nuclear Energy obtained during the course of its investigation and relied on as a "unique opportunity to observe the entire work process taking place at the time of the accident."

On June 12, 2013, the DOE Idaho Office shifted its withholding rationale and claimed that the videotape was not "an agency record." But the DOE Idaho Office also asserted, in the alternative, various substantive reasons for not releasing the tape, including (again) purported "privacy" grounds. Plaintiffs timely filed an administrative appeal. On July 17, 2013, the DOE's Office of Hearings and Appeals rejected this appeal, finding that Battelle had "generated"

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

('xxxxx.x gh121402

the tape and used it for its "employee-related" investigation and concluding (erroneously) that the tape was thus "not an agency record."

This lawsuit seeks to compel production of all video related to the November 8, 2011 plutonium release at the ZPPR facility. All such video is an agency record of the DOE for purposes of FOIA. The DOE obtained the tape and in its Report relied on it as fundamental evidence that both the DOE and Battelle breached DOE safety standards. There are no cognizable privacy interests in the mere images of other unidentified INL workers depicted in the video. At minimum, any privacy interests are outweighed by the public interest in accessing video representation of the actual release, especially where the Accident Investigation Report repeatedly referenced the video as depicting the safety planning and response flaws that the Report criticized as contributing to the cause of the "preventable" contamination.

## II.     PARTIES

2.1     Plaintiff Brian Simmons is a resident of Bonneville County and the District of Idaho.

2.2     Plaintiff Ralph Stanton is a resident of Bonneville County and the District of Idaho.

2.3     Defendant U.S. Department of Energy ("DOE") is an agency of the United States and has possession and/or control of the requested records at issue in this lawsuit.

## III.     JURISDICTION AND VENUE

3.1     The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in the District of Idaho under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs reside in this District and the requested agency records are situated in this District.

3.2     Plaintiffs timely filed an administrative appeal of the DOE Idaho Office's withholding of the videotape. This appeal was denied on July 17, 2013 by the DOE's Office of Hearings and Appeals. Plaintiffs have thus exhausted any administrative remedies.

## IV.     FACTS

4.1     ***The November 8, 2011 Release of Radioactive Contaminants at the ZPPR Facility.***

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

('xxxxx.x gh121402)

4.1.1   Plaintiffs are nuclear operators at the Idaho National Laboratory (INL). They are employed by Battelle Energy Alliance, LLC ("Battelle" or "BEA"), which is the current day-to-day operator of the INL facility, including the Materials and Fuels Complex (MFC) and the Zero Power Physics Reactor (ZPPR) Facility. In 2005, the DOE transferred to Battelle the management and operation of these facilities, which, according to the DOE, "supports important national goals in advanced nuclear energy technology research and development and other energy science initiatives as part of nuclear energy, defense, and environmental management programs."

4.1.2   The ZPPR Facility is located within the MFC. It has a Vault for nuclear material, equipment and facilities for handling surveillance and inspection, and a Workroom for packaging and processing when nuclear material is received or to be shipped.

4.1.3   On November 8, 2011, INL workers discovered several "clamshell" containers with plutonium (Pu) reactor fuel plates at the MFC/ZPPR facility. As later described by the DOE, two of the "containers had atypical labels indicating potential abnormalities with the fuel plates located inside." Specifically, the labels read: "CAUTION: RADIOACTIVE MATERIAL" and that Clamshell 47 contained: "1-Plate Dented/1-Plate C $\leq$10 d/m/plate $\alpha$ & is wrapped in plastic."

4.1.4   The INL nuclear operators consulted the Shift Supervisor, who in turn consulted with the Nuclear Facility Manager. The supervisors instructed the workers that the packaging operation should proceed. INL operators took four of the "clam shell" containers into the ZPPR Workroom and discovered one of the Pu fuel plates wrapped in plastic and tape. The workers attempted to remove the plastic wrapping material by cutting into it and precipitated an uncontrolled release of plutonium, resulting in the contamination of 16 workers and the facility, including Plaintiffs Brian Simmons and Ralph Stanton.

4.2   ***The DOE'S Accident Investigation Report.***

4.2.1   On January 4, 2012, the DOE's Office of Nuclear Energy issued an "Accident Investigative Report" ("Report") about the November 8, 2011 plutonium release. It concluded

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 4

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

('xxxxx.x gh121402

that the release was "preventable" and determined that both the DOE Idaho Office ("DOE-ID") and Battelle bore responsibility for various root causes of the contamination.

  4.2.2 The "local root causes" included: (1) "BEA did not accurately analyze the Pu hazard in the safety basis and establish commensurate controls"; and (2) "The management system lacked requirements intended to influence the decision making of the NFM and SS, resulting in a single-point decision to cut the wrapping."

  4.2.3 The "systemic root causes" included: (1) "DOE-ID accepted the risk of known safety basis deficiencies and allowed continued operation of the ZPPR Facility within the framework of a multi-year safety basis upgrade plan without putting effective interim controls in place"; and (2) "BEA continued operation of the ZPPR Facility with known safety basis deficiencies and without adequately analyzing the hazard to the worker or establishing effective work control processes."

  4.2.4 The Report also found, as a contributing cause, that on May 30, 2003, before the DOE subcontracted the operation and management of the MFC to Battelle, an Associate Laboratory Director had issued a report entitled "Fissile Material Control Noncompliances of ZPPR." This report noted that one root cause of the "noncompliances" pertained to "management deficiencies," including more specifically "concerns with the lack of Pu-specific training and surveillance." The Report further found that when, by January 14, 2005, the MFC was transitioned from DOE-ID to Battelle, the Associate Laboratory Director made several recommendations relevant to the November 8, 2011 contamination. These included:

(1) Battelle and DOE failed to improve a safety basis upgrade plan, which resulted in misjudging both the likelihood and the potential severity of the type of radioactive contamination that occurred on November 8, 2011.

(2) Battelle miscalculated the potential radioactive dose ZPPR workers could receive in the event of such a release of radioactivity.

(3) In DOE reports entitled *Transmittal of the INL Transition Report on Nuclear Facilities Safety Bases* (1/11/2005), and *Independent Safety Review Committee (IRSC) for the Materials and Fuels Complex (MFC)*, and a white paper (1/26/2009)

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 5

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

('xxxxx.x gh121402

and report (6/23/2011) by the IRSC Chairman, all expressed historical and on-going concerns about the storage of plutonium fuel plates at the ZPPR facility.

Yet Battelle did not incorporate these concerns into its safety basis upgrade plan. The DOE Report concluded: "The treatment of a failed Pu fuel plate hazard and potential accident in BEA's safety basis is of supreme relevance to this accident investigation, because it ultimately resulted in the lack of additional controls that could have prevented the accident on November 8, 2011."

4.2.5   Relevant to the aforementioned safety concerns and the DOE's root cause analyses, the DOE Report paid special attention to the importance of the video that captured the manner in which the radioactive contaminants were released and Battelle's emergency response. The DOE Accident Investigation Board remarked that in reaching its conclusions it "examined physical evidence that was directly related to the accident – in particular videotapes provided by the site. Using these recordings, the Board was afforded a unique opportunity to observe the entire work process taking place at the time of the accident."

   4.3   ***Plaintiffs' FOIA Requests and DOE Responses.***

4.3.1   On or about May 7, 2013, Plaintiffs separately requested from the DOE Idaho Office the following, among other documents: "Copy of the November 8, 2011 videotape of the plutonium contamination incident at the Zero Power Physics Reactor (ZPPR)."

4.3.2   On May 9, 2013, Clay Ogilvie, the "FOIA/Privacy Officer" at the DOE Idaho Office, e-mailed in response that the DOE was withholding "the video in full" under the "Privacy exemption (B-6) of the FOIA Act" because it "would violate the privacy of all individuals on the video except yourself." This email communication was consistent with Plaintiffs' in-person meeting with Mr. Ogilvie on May 8, 2013 when he advised Plaintiffs that the videotape would not be made available because of purported "privacy" reasons.

4.3.3   On June 12, 2013, the DOE formally denied the requests for the video in addition to certain communications between DOE and Battelle, claiming the video was not an "agency

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 6

('xxxxx.x gh121402

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

record." Alternatively, the DOE claimed the video would be subject to withholding under 5 U.S.C. § 552(b)(3), (6), and (7), under the following rationale:

> [T]he videotape involved a recording of a matter specifically exempted from disclosure under the Atomic Energy Act, includes information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy and includes information that, if disclosed, would reasonably be expected to interfere with enforcement proceedings and/or endanger the life or physical safety of any individual.

4.3.4 Despite requests for clarification, the DOE did not elaborate on which provisions of the Atomic Energy Act would be violated in the event of disclosure. The DOE similarly did not specify any of the other alternate bases for withholding, again despite requests for clarification.

4.3.5 On July 3, 2013, Plaintiffs timely filed an administrative appeal. Plaintiffs contested both the procedural ground for non-disclosure—that the videotape was no "agency record"—and the alternative substantive grounds, including the DOE's claim that the videotape "would constitute a clearly unwarranted invasion of personal privacy."

4.3.6 On July 17, 2013, the DOE's Office of Hearings and Appeals denied the appeal on procedural grounds, finding that the videotape is "contractor-owned," that Battelle had "generated" the tape and used it for its "employee-related" investigation. Based on these findings, and at the exclusion of other material factors, the DOE Office of Hearings and Appeals concluded erroneously that the tape was "not an agency record."

**4.4.** *The Videotape Is Not an "Agency Record" or Protected Under Any Cited FOIA Exemptions.*

4.4.1 The DOE obtained, as part of its investigation, the video recordings of the November 8, 2011 contamination release at the INL-ZPPR, and those recordings are now in the possession and/or control of the DOE. INL is DOE property. The DOE equipped the entire facility, including ZPPR, with video recording devices before it transferred day-to-day operation to Battelle in 2005. The DOE also requires that Battelle maintain video surveillance. As such, the DOE participated, at least in part, in the creation of the tapes.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 7

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

('xxxxx.x gh121402)

4.4.2   The DOE can use and dispose of the videotape as it sees fit.  This is self-apparent because the DOE Office of Nuclear Energy obtained the tapes as part of its inquiry into the November 8, 2011 incident, which resulted in the "Accident Investigation Report."

4.4.3   The DOE investigators relied on the videotape.  According to the Report itself, the videotape was indispensable to the DOE's ability to reconstruct and analyze the events that precipitated the plutonium release.  In reaching its conclusions, the DOE Accident Investigation Board "examined physical evidence that was directly related to the accident – in particular videotapes provided by the site.  Using these recordings, the Board was afforded a unique opportunity to observe the entire work process taking place at the time of the accident."

4.4.4   The videotape is an "agency record" under FOIA.

4.4.5   The DOE's withholding of these video recordings as "private" under 5 U.S.C. § 552(b)(6) is improper because they are not "personnel [or] medical [or] similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."

4.4.6   The depiction of the November 8, 2011 release of plutonium material provides, as surmised by the DOE Accident Investigation Board itself, a "unique opportunity to observe the entire work process" that gave rise to this nuclear accident.  In light of this unique opportunity, and the overriding interest in affording public oversight over governmental operations and the DOE's mandate to ensure safety at nuclear facilities, any interest in privacy is outweighed so as to compel production of the video at issue here.

4.4.7   The videotape, if disclosed, would not reasonably interfere with enforcement proceedings and/or endanger the life or physical safety of any individual.

4.4.8   Disclosure of the videotape will not violate any provision of the Atomic Energy Act.

## V.   CAUSE OF ACTION

5.1   Incorporating the foregoing allegations herein, Defendant has improperly withheld agency records in violation the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

('xxxxx.x gh121402

## VI. CLAIMS FOR RELIEF

WHEREFORE, the Plaintiffs request relief as follows:

6.1 A declaration from the Court that the Defendant's withholding of the video recordings is unlawful;

6.2 An order compelling Defendant to produce or otherwise make available to Plaintiffs the requested videotape recordings without restriction on use;

6.3 Costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E);

6.4 Such other relief as may be just and equitable.

DATED this 15th day of August, 2013.

        MacDONALD HOAGUE & BAYLESS

        By: */s/ John P. Sheridan*
        John P. Sheridan, WSBA #21473
        jacks@mhb.com

        */s/David Whedbee*
        David J. Whedbee, WSBA # 35977
        davidw@mhb.com
        705 2nd Ave, Ste. 1500
        Seattle, Washington 98104
        Telephone:    206-622-1604

        THE HUNTLEY LAW FIRM, PLLC

        By: */s/Robert C. Huntley*
        Robert C. Huntley, ISB #894
        rhuntley@huntleylaw.com
        815 W. Washington St.
        P.O. Box 2188
        Boise, Idaho 83701
        Telephone:    208-388-1230

        Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 9

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

('xxxxx.x gh121402)